UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

PETER A. REYNOLDS, JR.          :
                                :
v.                              :   C.A. No. 20-00489-WES
                                :
PATRICIA COYNE-FAGUE, et. al.   :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

On November 18, 2020, Plaintiff Peter A. Reynolds, Jr., an inmate at the Rhode Island Adult Correctional Institutions ("ACI"), filed a handwritten pro se Complaint alleging violations of 42 U.S.C. § 1983 against three prison officials. (ECF No. 1). Defendants Patricia Coyne-Fague, Heather Daglier and Anthony Carvalho have moved to dismiss the claims. (ECF No. 11). Plaintiff filed an Objection to the Motion. (ECF No. 18). On September 21, 2021, the Motion to Dismiss was referred to me for a report and recommendation. For the reasons set forth below, I recommend that the Motion to Dismiss (ECF No. 11) be GRANTED and that the Complaint be DISMISSED.

**Background**

Petitioner filed a handwritten "Complaint for Violation of Civil Rights," in which he alleges that his Constitutional rights under the Eighth and Fourteenth Amendments were violated. (ECF No. 1 at p. 4). He states that on April 11, 2019, prior to an appearance in court, he was strip searched in front of other inmates and ACI staff in violation of the Prison Rape Elimination Act ("PREA"). Id. at p. 7. He claims that he asked to have his search conducted in private, and Defendant Correctional Officer Anthony Carvalho declined to conduct the search in a private area and mocked the size of his penis during the course of the search. Id. at pp. 7-8. Later, when he

was moved to a new unit, he claims that another correctional officer referred to him as "Teeni Petey," which he understood to be a reference to his penis size, and other inmates indicated that they had heard about what occurred during his strip search. Id. at p. 8.  He states that he "tried to notify someone…but was only given problems.…" Id.  On the preprinted form of a Complaint, he indicated he did not file a grievance because he was "threatened with retaliation and segregation." Id. at 13.  He claims he was embarrassed by this treatment and, for months afterward, stayed in his cell except to eat and obtain medications.

**Discussion**

**I.      Standard of Review**

In ruling on a motion to dismiss filed pursuant to Rule 12(b)(6), the Court construes the Complaint in the light most favorable to the plaintiff, see Greater Providence MRI Ltd. P'ship v. Med. Imaging Network of S. New England, Inc., 32 F. Supp. 2d 491, 493 (D.R.I. 1998); Paradis v. Aetna Cas. & Sur. Co., 796 F. Supp. 59, 61 (D.R.I. 1992), taking all well-pleaded allegations as true and giving the plaintiff the benefit of all reasonable inferences, see Arruda v. Sears, Roebuck & Co., 310 F.3d 13, 18 (1st Cir. 2002); Carreiro v. Rhodes Gill & Co., 68 F.3d 1443, 1446 (1st Cir. 1995); Negron-Gaztambide v. Hernandez-Torres, 35 F.3d 25, 27 (1st Cir. 1994).  If under any theory the allegations are sufficient to state a cause of action in accordance with the law, the motion to dismiss must be denied.  See Hart v. Mazur, 903 F. Supp. 277, 279 (D.R.I. 1995).  While a plaintiff need not plead factual allegations in great detail, the allegations must be sufficiently precise to raise a right to relief beyond mere speculation.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) (abrogating the "no set of facts" rule of Conley v. Gibson, 355 U.S. 41, 44-45 (1957)).  The complaint "must allege 'a plausible entitlement to relief' in order to survive a motion to dismiss." Thomas v. Rhode Island, 542 F.3d 944, 948 (1st Cir. 2008) (quoting Twombly, 550

U.S. at 559). Further, I have liberally reviewed Plaintiff's allegations and legal claims since they have been put forth by a pro se litigant. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972). However, even applying these liberal standards of review to Plaintiff's Complaint, dismissal is required.

    **II.**    **Claims under the Eighth and Fourteenth Amendments**

As a preliminary matter, Plaintiff's Complaint asserts that his claims are based upon violations of PREA, but, as this Court recently noted, there is no private cause of action for a claim under PREA. See Fontes v. Lopez, No. CV 20-151 WES, 2021 WL 3195176, at *3 (D.R.I. July 28, 2021). In the Complaint, Plaintiff also asserts claims under 42 U.S.C. § 1983, and contends that his Eighth and Fourteenth Amendment rights were violated, thus the Court considers the viability of such claims.

The Eighth Amendment's prohibition on cruel and unusual punishment protects prisoners from the "unnecessary and wanton infliction of pain" that is "totally without penological justification." Hope v. Pelzer, 536 U.S. 730, 737 (2002) (citations omitted). Here, the allegations of verbal harassment in the Complaint, while unwelcome and humiliating, fail to rise to the level of an Eighth Amendment violation. Plaintiff claims he was embarrassed by the comments made during the strip search and, for several months, only left his cell to eat and receive medications because of this embarrassment. (ECF No. 1 at p. 8). Other courts have addressed whether insulting and derogatory comments made by correctional officers can rise to the level of an Eighth Amendment claim and have found that such comments are insufficient to state a constitutional violation. "As a general rule threats and harassment alone, even when they come directly from the mouth of a correctional officer, will not constitute cruel and unusual punishment.…" Doe v. Magnusson, No. CIV.04-130-B-W, 2005 WL 758454, at *15 (D.Me. Mar. 21, 2005), report and

recommendation adopted, No. CIV.04-130-B-W, 2005 WL 859272 (D.Me. Apr. 14, 2005). In Doe, the District of Maine collected cases concerning alleged verbal harassment suffered by inmates and cited a Sixth Circuit case that noted that "harassment and verbal abuse" by prison guards "do not constitute the type of infliction of pain that the Eighth Amendment prohibits." Id. citing Johnson v. Unknown Dellatifa, 357 F.3d 539 (6th Cir. 2004). See also Levesque v. State of New Hampshire, No. CIV. 09-CV-248-JD, 2010 WL 2367346, at *35 (D.N.H. May 12, 2010) ("Acts of verbal harassment, however reprehensible, unprofessional, or inappropriate, do not violate the federal constitution.")  The allegations made by Plaintiff, taken as true, simply do not rise to the level of an Eighth Amendment violation.  Accordingly, I recommend that the Eighth Amendment claims be dismissed for failure to state any legally viable constitutional violation.

Plaintiff also alleges that the conduct he described in the Complaint violated his rights under the Fourteenth Amendment.  The Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law...." U.S. Const. amend. XIV § 1.  In the context of the prison system, the Fourteenth Amendment prohibits prison officials from "treating prisoners in a fashion so 'brutal' and 'offensive to human dignity' as to 'shock the conscience.'"  Sanchez v. Pereira-Castillo, 573 F. Supp. 2d 474, 485-486 (D.P.R. 2008) (citations omitted). (See also Cameron v. Tomes, 990 F.2d 14, 18 (1st Cir.1993) ("[i]t is settled that those who are confined by the state, for whatever reason, are entitled under the Constitution to food, clothing, medical care, and reasonable efforts to secure physical safety")).  "Conduct that amounts to brutality violates a liberty interest protected by the Fourteenth Amendment's due process clause, the right to be secure in one's person." Id.  Plaintiff's allegations that he was subjected to a strip search conducted in view of other male inmates and prison guards and subjected to harassing remarks during the search and following the search,

simply do not "shock the conscience" and fall short of stating a Fourteenth Amendment violation. Thus, I also recommend that his Fourteenth Amendment claims be dismissed for failure to state any legally viable constitutional violation.

**Conclusion**

For the reasons stated, I recommend that the Motion to Dismiss (ECF No. 11) be GRANTED and that Plaintiff's Complaint (ECF No. 1) be DISMISSED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
October 20, 2021