UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

PETER A. REYNOLDS, JR.          :
                                :
v.                              :    C.A. No. 20-00489-WES
                                :
PATRICIA COYNE-FAGUE, et. al.   :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Pending before the Court is Plaintiff's Motion for Leave to File an Amended Complaint. (ECF No. 15). Defendants Object. (ECF No. 20). The Motion has been referred to me for a report and recommendation. (28 U.S.C. § 636(b)(1)(B)). For the following reasons, I recommend that the Motion be DENIED.

Plaintiff, an inmate at the Adult Correctional Institutions ("ACI") in Cranston, Rhode Island, filed a pro se Complaint on November 18, 2020, alleging that several ACI personnel violated his civil rights. (ECF No. 1). Because Plaintiff is an inmate and he is proceeding in forma pauperis, his Complaint was screened by the Court pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. (See ECF No. 6).

**Discussion**

Plaintiff presently seeks to amend his Complaint to add a new claim alleging that the ACI's "blanket strip body cavity search of all inmates going to court violated the plaintiffs [sic] 4th Amendment right...." (ECF No. 15 at p. 2). Plaintiff also seeks to add "more facts that should have been disclosed to the Court" including information about grievances he claims to have filed but that he still "got nowhere." Id. at p. 1.

First, Plaintiff's Motion is not in conformance with the Court's Local Rules. Local Rule Cv 15 requires that a motion to amend be accompanied by a signed copy of the proposed amended pleading and a memorandum which explains how the amended pleading differs from the original and why the amendment is necessary. Plaintiff's Motion is not accompanied by either such document, and, thus, is deficient. Plaintiff's Motion offers no explanation for the need to amend, does not include a signed copy of the proposed amended pleading and was filed over four months after the initial Complaint with no explanation for the delay. Further, this case was the subject of an initial screening order on December 2, 2020, and if Plaintiff had presented his proposed amendment sooner, it could have been preliminarily reviewed in one instance, along with his other claims.

As this Court has previously noted, "[t]he decision whether to grant a motion for leave to amend is within the trial court's discretion. Emrit v. Universal Music Grp., Inc., No. CA 13-181-ML, 2013 WL 3730420, at *1 (D.R.I. July 12, 2013) citing Sheehan v. City of Gloucester, 321 F.3d 21, 26 (1st Cir. 2003). Like the Plaintiff in Emrit, Plaintiff here proceeds pro se, thus the Court must construe his filings "liberally." Id. citing Ayala Serrano v. Lebron Gonzalez, 909 F.2d 8 (1st Cir.1990). Despite the liberal review, "Pro se litigants…are not excused from compliance with procedural rules or substantive law." Id. citing Ahmed v. Rosenblatt, 118 F.3d 886 (1st Cir.1997). Plaintiff has simply not complied with the Local Rules of this Court.

Second, although the Court is recommending denial of the Motion to Amend for failure to comply with the Local Rules of this Court, Plaintiff's proposed Fourth Amendment claim would be subject to evaluation to determine if the prison's policy of conducting a strip search prior to a court appearance is "reasonable." The Court would be guided by caselaw that holds that "[t]he meaning of 'reasonableness' for Fourth Amendment purposes is highly situational. A search that is reasonable in the prison environment may not be in other contexts less 'fraught with serious security dangers.'"

Wood v. Clemons, 89 F.3d 922, 928 (1st Cir. 1996) quoting Bell v. Wolfish, 441 U.S. 520, 559 (1979). Courts in this Circuit have held that "[a]n inmate's Fourth Amendment rights are not violated when a strip search is conducted with the purpose of avoiding the entry of contraband into the prison system." Sanchez v. Pereira-Castillo, 573 F. Supp. 2d 474, 484-485 (D.P.R. 2008), aff'd in part, vacated in part, remanded, 590 F.3d 31 (1st Cir. 2009) citing Bell, 441 U.S. at 558. Finally, the Southern District of New York has held, under analogous circumstances, that strip searches of inmates "upon departure and return from court appearances are constitutional given the interest in preventing contraband from being moved into or out of jail facilities." Smith v. City of New York, No. 14 Civ. 5934 JCF, 2015 WL 3929621, at *2 (S.D.N.Y. June 17, 2015). Thus, it reasonably appears that Plaintiff's proposed Fourth Amendment claim would fail to state any legally viable constitutional violation and amendment for that purpose would be futile.

For all of these reasons, the Motion to Amend fails, and I recommend it be DENIED. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
October 20, 2021